NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTOPHER DESHAWN SPEIGHT, <br><br> Petitioner-Appellant, <br><br> v. <br><br> KEN CLARK, Warden, <br><br> Respondent-Appellee. | No.  21-16203 <br><br> D.C. No. 2:15-cv-00209-JKS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted July 25, 2022
San Francisco, California

Before:  GRABER and WARDLAW, Circuit Judges, and BAKER,[**] International
Trade Judge.

Petitioner Kristopher Speight filed a federal habeas petition challenging his

California conviction for sexual penetration in concert with Orlindo Antonio

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Myles. The district court denied the petition, and this timely appeal followed. On de novo review, Dows v. Wood, 211 F.3d 480, 484 (9th Cir. 2000), we affirm.

Petitioner testified on his own behalf at trial. The state trial court incorrectly instructed the jury that, except for Petitioner's "testimony," which "requir[ed] supporting evidence," "the testimony of only one witness can prove any fact." (Emphasis added). The California Court of Appeal ruled on direct appeal that this instructional error was harmless beyond a reasonable doubt. People v. Myles, No. C066505+, 2013 WL 4613810, at *11–12 (Cal. Ct. App. Aug. 29, 2013) (unpublished). The California Supreme Court denied review without comment, so we consider the Court of Appeal's opinion as the "last reasoned decision." Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

That court's conclusion that the erroneous instruction did not prejudice Petitioner is not "objectively unreasonable." Bell v. Cone, 535 U.S. 685, 694 (2002); 28 U.S.C. § 2254(d). For the most part Petitioner's testimony corroborated the victim's and, therefore, hers corroborated his to the same extent. He testified that he and Myles tricked the victim into letting them into the house, where they intended to steal a PlayStation Portable. Myles hit the victim several times; Petitioner then left to search for the PlayStation; when he returned, he saw that the victim's shirt was raised, revealing her breasts. Myles picked up the victim and

2

said that he was taking her to a back bedroom. Petitioner saw them there; the victim's pants were around her legs and Myles was kneeling in front of her. She was then taken into a hallway. Myles told Petitioner that they needed something to tie up the victim so that she did not call the police.[1] Petitioner obliged by grabbing an electric cord and giving it to Myles, who used it to bind the victim despite her struggles. At that point Petitioner left the hallway, and Myles sexually assaulted the victim.

In a pretrial, Mirandized statement to police, which was in evidence, Petitioner admitted to even more. Petitioner told the police that Myles took down the victim's pants and said, "I'm about to rape [her]"; that the victim responded "no" or "don't"; and that Petitioner knew that an attempted rape was occurring when he got the cord.[2] Petitioner's own testimony, along with the circumstantial evidence, established the elements of the crime. For that reason, the state court's conclusion that Petitioner suffered no prejudice from the erroneous instruction is

---

[1] An intent to stop the victim from calling the police is not inconsistent with an intent to facilitate a sexual assault; the victim could call the police to report a sexual assault as well as a robbery or other crimes.

[2] The only significant uncorroborated testimony of Petitioner was his claim that, when he saw Myles and the victim in the bedroom, he told Myles to leave her alone, pulled the victim out of the bedroom, and pulled up her pants. The victim directly contradicted that testimony. Petitioner also testified that if the victim were tied up "it would stop [Myles] from touching her [further]." Petitioner's statement to police, the circumstantial evidence, and logic contradicted that testimony.

3

not objectively unreasonable.

We conclude that Petitioner has failed to show "actual prejudice," meaning that Petitioner has failed to show that the constitutional violation in question had a "substantial and injurious effect" on the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). We may reject a habeas claim, without reaching an analysis under AEDPA, if the alleged error did not prejudice Petitioner within the meaning of Brecht. Brown v. Davenport, 142 S. Ct. 1510, 1524 (2022). But for the reasons we have explained, Petitioner also fails to satisfy the AEDPA standard.

Petitioner argues that the state court erred as a matter of law by not analyzing the erroneous instruction as a denial of his right to testify on his own behalf, as set forth in Rock v. Arkansas, 483 U.S. 44 (1987). That case is inapposite. There, an evidentiary rule prohibited the admission of hypnotically refreshed testimony, resulting in the exclusion of most of the defendant's testimony. Here, none of Petitioner's testimony was excluded; rather, the instruction concerned the way in which the jury was to evaluate his testimony.

For the same reasons discussed above, Petitioner cannot demonstrate prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984), even if his trial counsel performed deficiently by failing to object to the erroneous instruction.

**AFFIRMED.**